IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLORADO

Civil Action No.

UNITED STATES OF AMERICA,

       Plaintiff,

v.

1.    $10,000.00 SEIZED FROM JP MORGAN CHASE ACCOUNT #1964105499,

       Defendant.

---

**VERIFIED COMPLAINT FOR FORFEITURE *IN REM***

---

The United States of America, by and through United States Attorney Cole Finegan and Assistant United States Attorney Tonya S. Andrews, pursuant to Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions G(2), states:

## JURISDICTION AND VENUE

1. The United States of America (the United States) has commenced this action pursuant to the civil forfeiture provisions of 18 U.S.C. §§ 981(a)(1)(C), seeking forfeiture of defendant properties based on violations of 18 U.S.C. § 641 (theft of public funds), and 18 U.S.C. § 1343 (wire fraud).  This Court has jurisdiction under 28 U.S.C. §§ 1345 and 1355.

2. Venue is proper under 28 U.S.C. § 1395, as some of the acts described herein occurred in the District of Colorado.

## DEFENDANT PROPERTY

3. Defendant property is more fully described as: $10,000.00 seized from JP Morgan Chase account number 1964105499 ("defendant $10,000.00"). The account was in the name of Simon Assouan. Defendant $10,000.00 is currently being held by the United States Secret Service Asset Forfeiture Branch in Washington, D.C.

## FACTUAL BASIS FOR FORFEITURE

4. Except as otherwise noted, all the following facts and information have been discovered through my own investigation and the observations and investigations of fellow law enforcement officers as reported to me.

## BACKGROUND INFORMATION

5. In June 2020, the United States Secret Service (USSS) Central Florida Cyber Fraud Task Force (CFTF) began an investigation into various third-party payment systems after receiving complaints regarding the Small Business Administration's (SBA) Paycheck Protection Program loan (PPP) and Economic Injury Disaster Loan (EIDL) fraud.

6. Reports of individuals submitting fraudulent PPP and EIDL applications through the online SBA website utilizing fabricated employment information and/or documentation, or stolen individual and corporate personally identifiable information, were submitted to the USSS by various financial institutions, including JP Morgan Chase.

7. JP Morgan Chase identified approximately 17,518 accounts, including the account defendant $10,000.00 was seized from, that had obtained SBA EIDL funds fraudulently based on the following fraud indicators present in the accounts: (1) newly

2

created accounts with abnormal transaction activity (little to no prior financial transactions) or existing accounts with no activity past 24 months prior to SBA deposit; (2) large SBA loan amounts or deposits with minimal or no other sources of deposits; (3) attempts to quickly move funds out of depository accounts (within 1-2 days); (4) inability to positively identify account holders (synthetic or unauthorized accounts); (5) limited customer inquiries after funds were frozen; and (6) no proper identification supplied following a customer inquiry after funds were frozen.

## CARES ACT

8. On March 27, 2020, the President signed into law the Coronavirus Aid, Relief, and Economic Security (CARES) Act, through the SBA which provided emergency assistance to small business owners, including agricultural businesses, and nonprofit organization in all the United States affected by the Coronavirus (COVID-19) pandemic.  The two sources of funding for small businesses were the Paycheck Protection Program (PPP) and the Economic Injury Disaster Loans (EIDL).

9. The SBA EIDL program provided small businesses with working capital for fixed debts, payroll, accounts payable, and other bills resulting from the pandemic.  Individuals could apply via SBA's online website for both the EIDL advances and loans.

10. The EIDL advance did not require any business documentation and could be approved within 1-3 days.  Under the EIDL Advance program, applicants could receive $1,000.00 per employee, up to $10,000.00.

11. The EIDL loans required minimal documentation and information from small businesses to process the loan for approval.  To be eligible for the SBA EIDL program, applicants must be able to prove that their business was in operation on or

before January 31, 2020. Unlike the EIDL COVID-19 loan, applicants who qualify for the EIDL advance need not repay the funds.

12. Individuals applying for an EIDL loan would file applications online, via the website and servers belonging to an SBA contractor located in Des Moines, Iowa, to obtain SBA EIDL funds. As part of the application process, applicants designated a financial institution's routing number and account number to direct the funds, one such financial institution being JP Morgan Chase.

13. Once the SBA EIDL applications were approved, the Small Business Administration's Denver Finance Center[1] with servers located in Denver, Colorado, created payment files and authorized payments of the EIDL funds based on those applications. This payment file was then transmitted via wire to the financial accounts designated by the perpetrators. JP Morgan Chase is headquartered in New York, New York, where its servers are also located.

## SBA Application and Funding

14. On July 3, 2020, Simon Assouan, on behalf of his business Unik Fashion Designs, applied for an SBA Economic Injury Disaster Loan (EIDL). On the application, Mr. Assouan stated he operates a Sole-Proprietorship company that was engaged in the business activity of "Miscellaneous Services." On the application, Mr. Assouan claimed ownership as the guarantor and signed, with gross revenues of $650 and cost of goods sold of $250 for the 12 months prior to the pandemic. Mr. Assouan also claimed that he had 12 employees.

---

[1] Denver Finance Center, OCFO, SBA, 721 19th Street, Suite 373, Denver, CO 80202.

15.     On July 4, 2020, Simon Assouan was disqualified from an SBA Loan because he did "not meet revenue requirements."

16.     On July 7, 2020, $10,000.00 was sent to defendant JP Morgan Chase account #5499 in the name of Simon Assouan.  These funds were an EIDL Advance based on his representation that he had 12 employees.

17.     On July 22, 2020, SBA put a hold on all further funding for "suspected EIDL fraud."

18.     On April 16, 2021, the USSS obtained a seizure warrant for funds held in numerous accounts with JP Morgan Chase, including $10,000.00 from defendant Chase account #5499, accountholder Simon Assouan.

19.     On October 11, 2023, over two years after the advance was seized, Simon Assouan filed a claim for defendant $10,000.00 seized from JP Morgan Chase Bank account #5499 with the Secret Service.

20.     Mr. Assouan stated in his claim, "the money ended up in Chase Bank instead of U.S. Bank. We tried as we could to transfer the money to U.S. Bank which is our business Acct." Mr. Assouan listed JP Morgan Chase Bank account #5499 as his business account on his SBA application.

21.     SBA provided the U.S. Attorney's Office with an online search that was performed through a website called Manta, an online marketing agency. Manta reports that Unik Fashion Designs LLC is, "Categorized under Women's Specialty Shops. Our records show it was established in 2015 and incorporated in Nevada. Current estimates show this company has an annual revenue of 31,468 and employs a staff of approximately 2."

5

22. Mr. Assouan's application stated that his business was a sole-proprietor, that it was established in 2019, that it had an annual revenue of $650.00, and employs a staff of 12.  A sole proprietorship is a non-registered, unincorporated business run solely by one individual proprietor with no distinction between the business and the owner.

23. There is no viable way that Mr. Assouan has 12 employees working for him with a $650 revenue minus $250 in costs for 2019, $54 as a monthly revenue.

24. Since filing his claim, the U.S. Attorney's Office and the Secret Service made several attempts to contact Mr. Assouan.

25. On December 29, 2023, Mr. Assouan responded to an email from Special Agent Christopher Pellegrino, stating "I have received your letter in reference to the case number stated above.  We were absolutely taken aback, truthfully, as we hotly argued between us why we could have made such a dumb mistake, especially in a loan application to the U.S. Federal Government.  What kind of stupidity is that, $650.00 business with 12 employees? Fortunately, no money came to us and we welcome your offer to accept our mistakes and move on. Please send us the form, and we shall gladly sign and return to you."

26. An agreement to withdraw his claim was emailed to Mr. Assouan on January 2, 2024; however, it has not been returned.

## **CONCLUSION**

In summary, there is reasonable cause to believe that defendant $10,000.00 constitutes or is derived from proceeds traceable to violations of 18 U.S.C. § 641 (theft of public funds), and 18 U.S.C. § 1343 (wire fraud).  Therefore, defendant $10,000.00 is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C).

6

## VERIFICATION OF CHRISTOPHER PELLEGRINO, SPECIAL AGENT, UNITED STATES SECRET SERVICE

I, Senior Special Agent Christopher Pellegrino, hereby state and aver under the pains and perjury that I have read the foregoing Factual Basis for Forfeiture and that the facts and information contained therein are true.

*Christopher Pellegrino*
Christopher Pellegrino
Senior Special Agent
United States Secret Service

## FIRST CLAIM FOR RELIEF

1. The Plaintiff repeats and incorporates by reference the paragraphs above.

2. By the foregoing and other acts, $10,000.00 seized from JP Morgan Chase account number 1964105499 constitutes or is derived from proceeds traceable to violations of 18 U.S.C. § 641 (theft of public funds). Therefore, defendant $10,000.00 is forfeitable to the United States pursuant to 18 U.S.C. §§ 981(a)(1)(C).

## SECOND CLAIM FOR RELIEF

3. The Plaintiff repeats and incorporates by reference the paragraphs above.

4. By the foregoing and other acts, $10,000.00 seized from JP Morgan Chase account number 1964105499 constitutes or is derived from proceeds traceable to violations of 18 U.S.C. § 1343 (wire fraud). Therefore, defendant $10,000.00 is forfeitable to the United States pursuant to 18 U.S.C. §§ 981(a)(1)(C).

WHEREFORE, the United States prays for entry of a final order of forfeiture for the defendant property in favor of the United States, that the United States be authorized to dispose of the defendant property in accordance with law, and that the Court enter a finding of probable cause for the seizure of the defendant property and issue a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465.

DATED this 9th day of January 2024.

Respectfully submitted,

COLE FINEGAN
United States Attorney

By: _s/ Tonya S. Andrews_____
Tonya S. Andrews
Assistant United States Attorney
United States Attorney's Office
1801 California Street, Suite 1600

Denver, Colorado 80202
Telephone: 303-454-0100
Fax: 303-454-0405
Email: tonya.andrews@usdoj.gov

9